IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE BULLOCK, ) | |
| AIS #189070, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-59-WKW |
| ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on January 22, 2015.[1] Subsequently, and prior to service of the complaint, the plaintiff filed a document in which he seeks dismissal of this case. *Doc. No. 5*. The court therefore construes this document as a motion to dismiss.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted. Furthermore, since the complaint has not been served on the defendants, the court finds that this case should be dismissed without prejudice. Rule

---

[1] Although the Clerk of this court stamped the complaint "received" on January 26, 2015, it is clear that Bullock presented the complaint to prison officials for mailing prior to this date. A review of the pleading indicates Bullock executed the complaint on January 22, 2015. *Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Carey] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

41(a)(1), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. This case be dismissed without prejudice.

3. No costs or fees be taxed herein.

It is further

ORDERED that on or before February 23, 2015 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 9th day of February, 2015.

                                   /s/Charles S. Coody  
                                CHARLES S. COODY  
                                UNITED STATES MAGISTRATE JUDGE